IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JAC DONALD JONES,<br><br>    Plaintiff,<br><br>vs.<br><br>NEW MEXICO STUDENT LOAN<br>GUARANTEE CORPORATION a.k.a.<br>U.S. DEPARTMENT OF EDUCATION,<br><br>    Defendants. | No. CIV 01-0780 PJK/LCS |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction filed November 16, 2001 (Doc. 9), and the court, being advised fully in the premises, finds that the motion is well-taken and should be granted.

Background

Plaintiff Jac Donald Jones, appearing pro se, seeks damages and relief from Defendant New Mexico Student Loan Guarantee Corporation ["NMSLCG"] for negligently ignoring, neglecting, and failing to observe 34 C.F.R. § 682.402 and other applicable federal statutes and regulations.[1] Doc. 1 at ¶¶ 2, 5, 7. Mr. Jones owes a

---

[1]Mr. Jones has listed the U.S. Department of Education ["DOE"] as an alias for NMSLCG and has not served a copy of this complaint on the DOE. Doc. 5. If Mr. Jones

student loan debt of more than $41,000.00, which is currently owned by NMSLCG. NMSLCG has submitted the loan to the Department of Treasury for administrative offset against Mr. Jones' Social Security benefit payments, which he receives because he is totally and permanently disabled. Doc. 1, Ex. A.

Regulation § 682.402 allows for the cancellation of a student loan debt if the borrower provides the lender with certification by a physician that the borrower is totally and permanently disabled. 34 C.F.R.§ 682.402. Prior to December 11, 2000, Mr. Jones was not able to afford to go to a physician. Doc. 1 at ¶ 6. On December 11, 2000, Mr. Jones submitted the form necessary to be certified as totally and permanently disabled to the Department of Veterans Affairs ["DVA"], which is currently providing Mr. Jones with health care. Id. at ¶ 3. The DVA has not given notice to Mr. Jones that it has or will submit the form. Id.

## Discussion

a. Diversity Jurisdiction

Under the diversity jurisdiction statute, the federal courts have original jurisdiction to decide a plaintiff's state-law lawsuit if the controversy involves more than $75,000.00 and is between "citizens of different States." 28 U.S.C. § 1332. A party's citizenship for purposes of federal jurisdiction is determined by looking to the person's domicile. Brown

---

did intend to sue the DOE, he would be barred from doing so by federal agency immunity. See 28 U.S.C. § 2679(a). The United States is the only proper defendant in Federal Tort Claim Act suit. Id.; Oxendine v. Kaplan, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001).

v. Keene, 33 U.S. (8 Pet.) 112, 115 (1834); Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). Domicile, in turn, is determined by finding the last place where a person resided with an intention of remaining there indefinitely. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). Furthermore, it is more than well-settled that a party's domicile, must be determined as of the moment the plaintiff's complaint is filed, and events either before or after the filing of the complaint will not defeat citizenship. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (per curiam) (citing cases).

When a court evaluates a claim of diversity jurisdiction, it must examine the face of the complaint to determine whether a party has adequately presented facts sufficient to establish diversity jurisdiction. The party asserting jurisdiction must allege facts essential to show jurisdiction. If these allegations are insufficient to find diversity jurisdiction, the court may also look to other facts developed in the record. Rice v. Office of Servicemembers' Group Life Ins., 260 F.3d 1240, 1245 (10th Cir. 2001)

In this case, Mr. Jones alleges in his complaint that both he and NMSLGC are citizens of the State of New Mexico. Doc. 1 at ¶ 1. The only suggestion in the record[2] of diversity is an email sent by Mr. Jones on November 10, 2001 to NMSLGC in which

---

[2] To the contrary, the record is full of evidence that Mr. Jones is a domiciliary of New Mexico. Mr. Jones lists a New Mexico address at the bottom of his complaint, Doc. 1 at 2. The letter attached to the complaint as Exhibit A is addressed to his New Mexico address, Doc. 1, Ex. A. His Financial Affidavit lists his New Mexico address and does not list property in any other state, Doc. 2. The service papers list Mr. Jones's New Mexico address as a return address, Doc. 5.

he states he wishes to be considered a citizen of the state of Texas. Doc. 9, Ex. A. Be that as it may, it is his domicile as of July 6, 2001, the day the complaint was filed, that controls whether diversity jurisdiction is present. We find Mr. Jones has not presented fact sufficient to establish diversity of citizenship as of July 6, 2001. It is not necessary to address the minium amount in controversy.

b. Federal Question Jurisdiction

Under 28 U.S.C. § 1331, a plaintiff creates federal-question jurisdiction by means of a "'well-pleaded complaint establish[ing] either that federal law creates the cause of action or that the plaintiff's right to relief ... depends on resolution of a substantial question of federal law.'" Sac & Fox Nation of Oklahoma v. Cuomo, 193 F.3d 1162, 1165 (10th Cir. 1999) (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for So. California, 463 U.S. 1, 27-28 (1983)).

In determining whether a private right of action is implicated under a federal statute, four factors are considered: (1) whether the plaintiff is one of the class for whose especial benefit the statute was enacted; (2) whether there is any indication of legislative intent, explicit or implicit either to create such a remedy or to deny one; (3) whether it is consistent with the underlying purposes of the legislative scheme to imply a private right of action; and (4) whether the cause of action is one traditionally relegated to state law in an area, basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law. Cort v. Ash, 422 U.S. 66, 78 (1975). These four factors are not granted equal weight, but rather the second and third factors are

generally relied upon more heavily in deciding whether to infer a private cause of action. L'Ggrke v. Benkula, 966 F.2d 1346, 1347 (10th Cir. 1992). Although Mr. Jones as a former student[3] satisfies the first factor, he does not satisfy the second or third factors.

(2) The express language of the Higher Education Act, and the regulations promulgated thereunder, does not create a private cause of action. L'Ggrke, 966 F.2d at 1348 (holding that a student borrower does not have a private cause of action against an educational institution). Neither is there anything in the Act's language, structure or legislative history from which a congressional intent to provide a private remedy can be implied. Id.; Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (holding that educational institutions do not have a private cause of action against loan guarantors). Therefore, Mr. Jones has not established the second factor.

(3) The Act expressly authorizes the Secretary of Education to impose a civil penalty on lenders or guaranty agencies that violate or fail to carry out any provision of the Act or any regulation prescribed under the Act. 20 U.S.C. § 1082(g)(1). The regulations also provide procedures for handling alleged violations by a lender. 34 C.F.R. § 682.700. To imply a private right on the part of a student would conflict with the enforcement powers of the Secretary; and, thus would be inconsistent with the underlying purposes of the Act and violate the third factor.

---

[3]Regulation § 682.402 was issued pursuant to the authority of the Higher Education Act ("HEA"), 20 U.S.C. § 1070 et. seq. HEA was enacted to benefit students. See 20 U.S.C. §§ 1070(a), 1071(a).

Because federal law does not create the cause of action and Mr. Jones's right to relief does not depend on the resolution of a substantial question of federal law, this court does not have federal-question jurisdiction. This holding is consistent with <u>Karara v. United States</u>, 176 F.3d 488, 1999 WL 190748 *2 (10th Cir. Apr. 5, 1999) (unpublished) ("[T]here is no private right of action for student borrowers under the Higher Education Act.").

It appears that Mr. Jones' potential remedy is to complete and submit to NMSLCG the disability claim form and supporting physician's statement required by 34 C.F.R. § 682.402(c) to qualify for cancellation of debt.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction filed November 16, 2001 (Doc. 9), is granted.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion for Partial Summary Judgment filed November 26, 2001 (Doc. 14) and Plaintiff's Motion for Joinder filed November 26, 2001 (Doc. 15), are denied.

DATED this <u>29th</u> day of January 2002, at Santa Fe, New Mexico.

                                              */s/ Paul Kelly, Jr.*
                                              United States Circuit Judge
                                              Sitting By Designation

Counsel:
Plaintiff Jac Donald Jones, Pro Se.

Reginald J. Storment, Albuquerque, New Mexico, for Defendant.